IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MONUMENT CITY RENTALS, LLC,** | * | |
| | * | |
| Plaintiff | * | |
| | * | Civ. No.: MJM-24-405 |
| v. | * | |
| | * | |
| **LATIA THOMPSON-MCKOY,** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Plaintiff Monument City Rentals, LLC ("Plaintiff") filed this action against defendant Latia Thompson-Mckoy ("Defendant") under Md. Code, Real. Prop. §8-401 for failure to pay rent, seeking repossession of the rented property. ECF No. 1. The rented property at issue is located in Baltimore County, Maryland. ECF No. 2. Plaintiff is the landlord of the property at issue. *Id.* Defendant is a tenant of the property. *Id.* On January 31, 2024, Plaintiff filed this action in the District Court of Maryland for Baltimore County. *Id.* On February 10, 2024, Defendant, acting pro se, removed this action from state court to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and filed an application to proceed without prepaying fees or costs. ECF Nos. 1 & 3. On February 23, 2024, Plaintiff filed a "Motion to in Opposition to Transfer Venue and Remand" requesting that this matter be remanded to state court. ECF No. 8. On April 2, 2024, Plaintiff filed a "Motion for Rule 11 Sanctions." ECF No. 11. Defendant did not file any response to either motion. No hearing is necessary. *See* L. R. 105.6 (D. Md. 2023). For reasons stated herein, Defendant's application to proceed in forma pauperis will be DENIED, and Plaintiff's motions to remand and for sanctions will be GRANTED.

1

Defendant's application to proceed in forma pauperis does not include sufficient financial information for the Court to make a ruling. The application will therefore be denied.

Plaintiff's motion to remand will be granted because Defendant has failed to establish the Court's jurisdiction of this action. Under the general removal statute, "any civil action brought in a State court *of which the district courts of the United States have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Section 1446 outlines the procedures for removal. *See* 28 U.S.C. § 1446. "[T]he party seeking removal" bears "[t]he burden of demonstrating" the district court's original jurisdiction of the matter. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (internal quotations marks and citation omitted). "Concerns as to the absence of subject matter jurisdiction may be raised at any time by the court or parties, and a district court must remand any case in which it lacks subject matter jurisdiction." *Byrd v. Deveaux*, Civ. No. DKC 17-3251, 2018 WL 305838, at *1 (D. Md. Jan. 5, 2018) (citing 28 U.S.C. § 1447(c), and *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). "When challenged in a motion to remand, the burden is on the party asserting subject matter jurisdiction to prove by a preponderance of evidence the facts necessary to establish the court's jurisdiction." *Id.* at *2 (citation omitted).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and

2

there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Diversity of citizenship requires that the parties be "citizens of different States" and must be complete "between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)). If a federal district court lacks both federal question jurisdiction and diversity jurisdiction of a matter, the case should be remanded to state court. 28 U.S.C. § 1447(c).

The instant case neither arises under federal law nor involves parties who are citizens of different states. Defendant filed no response to Plaintiff's motion to remand and does not contend that this Court has diversity jurisdiction of this case. In her Notice of Removal to Federal Court, Defendant asserts federal question jurisdiction by citing 28 U.S.C. § 1331 and various federal criminal statutes, including those defining the offenses of conspiracy against rights (18 U.S.C. § 241), deprivation of rights under color or law (18 U.S.C. § 242), and receiving proceeds of extortion (18 U.S.C. § 880). Defendant offers no explanation as to how any of the criminal statutes apply to the facts of this civil action. The Court finds Defendant's citations to these statutes and removal from state court on those grounds to be frivolous. This case clearly does not "aris[e] under" any of the federal law cited by Defendant. 28 U.S.C. § 1331. Because Defendant has failed to establish this Court's subject matter jurisdiction of this case by a preponderance of the evidence, Plaintiff's motion to remand the case to state court must be granted.

In its motion for sanctions, Plaintiff requests an award of reasonable attorney's fees resulting from the improper removal of this case to this Court. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Because Defendant has

failed to offer any arguable or good-faith basis for removal of this case from state court, the Court finds that an award of reasonable attorney's fees to Plaintiff is appropriate.

For the foregoing reasons, Defendant's application to proceed in forma pauperis will be DENIED, and Plaintiff's motion for remand and motion for sanctions will be GRANTED. This matter shall be remanded to District Court of Maryland for Baltimore County. Upon remand of this case to state court, this Court shall retain jurisdiction of this matter solely to adjudicate an award of reasonable attorney's fees. Plaintiff will be directed to supplement the record to reflect attorney's fees it incurred in response to Defendant's improper removal and in litigating remand.

A separate Order shall issue.

DATED: June 21, 2024

Matthew J. Maddox
United States District Judge